IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ASAD QURESHI,                            )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Case No. 1:20-cv-934-RAH-SMD
                                         )                  (WO)
ALABAMA COLLEGE OF                       )
OSTEOPATHIC MEDICINE, INC.,              )
                                         )
        Defendant.                       )

## <u>MEMORANDUM OPINION AND ORDER</u>

## I.    INTRODUCTION

On November 12, 2020, Plaintiff Asad Qureshi ("Plaintiff" or "Qureshi")
filed this action against Defendant Alabama College of Osteopathic Medicine, Inc.
("Defendant" or "ACOM"). Qureshi's operative complaint, as amended on March
4, 2021 (Doc. 24), alleges that ACOM intentionally discriminated against him on
the basis of his national origin in violation of Title VI of the Civil Rights Act of 1964
("Title VI").

Before the Court is a Motion to Dismiss the Amended Complaint (Doc. 25)
filed by ACOM on March 16, 2021. Qureshi filed a timely response in opposition
(Doc. 27), and ACOM a reply (Doc. 28). The motion is therefore ripe for resolution,
and for the following reasons, will be denied.

## II.   JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The parties do not contest personal jurisdiction or venue.

## III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citations and internal quotation marks omitted).

Dismissal is permitted by Federal Rule of Civil Procedure 12(b)(6) when a complaint fails to state a claim upon which relief can be granted. To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Critically, the court's role when making an evaluation under Rule 12(b)(6) is to test the sufficiency of a claim for relief, not to reach a determination on the merits. The court must therefore limit its inquiry primarily to the face of the complaint, take the facts alleged in the complaint as true, and construe them in the light most favorable to the plaintiff. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997); *see also Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).

## IV.   FACTS

The relevant facts, as alleged in the Amended Complaint, state the following:

Qureshi is a male of Pakistani national origin. In July of 2018, Qureshi enrolled as a student at ACOM in its Osteopathic Medicine Program. But despite being an "excellent student" with a high grade point average, Qureshi alleges that administrators discriminated against him on the basis of his national origin.  To explain, Qureshi points to an incident on April 1, 2019, in which ACOM employee Joshua Burrill ("Burrill"), the school's then-Legal Compliance Officer, began a meeting with Qureshi by asking him where he was from and the types of foods he ate while growing up. (Doc. 24 at 3.) Immediately after these discussions, Burrill turned hostile and "[stood] over the Plaintiff while pointing at him and shouting into his face." (*Id.*)

3

Qureshi further alleges that sometime after this meeting, Burrill, along with Dr. Phillip Reynolds ("Reynolds"), ACOM's Associate Dean of Student Services, accused Qureshi of illicit drug use and falsifying a drug test. Consequently, ACOM placed Qureshi on administrative leave and forced him to enter a physician health program ("PHP"), at which medical professionals failed to diagnose any substance abuse issues. Nevertheless, Qureshi was "forced" into a monitoring program with rotating requirements, including drug screens, counseling sessions, and an out-of-state treatment program, among others.

Although he was never diagnosed with any substance abuse issue, Qureshi alleges that he participated in each of these treatment programs "at great emotional and financial cost to himself." (Doc. 24 at 2.) The threat of being dismissed from the school took its toll on Qureshi's ability to maintain his studies and his emotional health, and ultimately, Qureshi's fears materialized. ACOM informed Qureshi on August 19, 2020, that he had been dismissed from the school's Osteopathic Medicine Program for "persistent disciplinary issues"–a reason that Qureshi now alleges is false. According to Qureshi, ACOM's disparate treatment of two other students who do not share Qureshi's national origin, but who faced similar accusations of substance abuse problems, demonstrates that ACOM's decision to dismiss him constituted intentional and unlawful discrimination on the basis of his national origin.

4

## V.    DISCUSSION

Qureshi's sole claim–that ACOM intentionally discriminated against him on the basis of his national origin–is alleged pursuant to Title VI of the Civil Rights Act of 1964. In disputing Qureshi's claim, ACOM brings two distinct but interrelated challenges to Qureshi's Amended Complaint. First, ACOM argues that the Amended Complaint, even when considering the comparator evidence with which it specifically quarrels, fails to state a claim upon which relief can be granted. And, second, and most principally, ACOM argues the comparator evidence presented by Qureshi is blatantly false and that the Court should accordingly refuse to accept the allegations as true. The Court takes up each of these arguments in turn.

Title VI provides that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

"To state a claim for discrimination under [Title VI], a plaintiff must plausibly allege that the (1) defendant discriminated based on national origin; (2) discrimination was intentional; and (3) discrimination was a substantial or motivating factor for the defendant's actions." *Methelus v. Sch. Bd. of Collier Cty., Fla.*, 243 F. Supp. 3d 1266, 1277 (M.D. Fla. 2017) (citing *New York by Schneiderman v. Utica City Sch. Dist.*, 177 F. Supp. 3d 739, 753 (N.D.N.Y. 2016));

5

*see also Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) ("Title VI itself directly reach[es] only instances of intentional discrimination." (citation omitted)). Additionally, a plaintiff bringing a Title VI claim "must allege that, through state action, similarly situated persons have been treated disparately, and that the disparate treatment was motivated by [national origin]." *Kemp v. Georgia State Univ. Admissions Off.*, Case No. 1:07-CV-0212-BBM, 2008 WL 11320077, at *4 (N.D. Ga. July 28, 2008).

Qureshi's burden is not onerous at this early a stage in the proceeding, *see Jumbo v. Alabama State Univ.*, 229 F. Supp. 3d 1266, 1272 (M.D. Ala. 2017) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 565 (3d Cir. 2002), as "'issues involving state of mind,' such as discriminatory intent, involve fact-focused questions that 'are often unsuitable for a Rule 12(b)(6) motion to dismiss,'" *id.*). *See, e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977) (determining whether discriminatory intent was a motivating factor requires an analysis of direct and circumstantial evidence, which may include historical background of decision, sequence of events leading up to event, procedural norms and any departures therefrom, and disproportionate impacts on the protected class, among others).

With the allegations set forth in his Amended Complaint, Qureshi clears this low hurdle. Again, at the motion to dismiss stage, the Court must accept well-

pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *See Castro v. Sec'y of Homeland Sec.,* 472 F.3d 1334, 1336 (11th Cir. 2006). It is entirely plausible to infer that ACOM engaged in intentional discrimination based, in part, on Qureshi's statements that the allegations of illicit drug use brought against him were false. Moreover, Qureshi has made allegations concerning an April 2019 meeting between Qureshi and Burrill, in which Burrill turned "hostile" after asking Qureshi "where [he was] from" and "what kinds of food he ate growing up." (Doc. 24 at 3.) If anything, Burrill's contemporaneous shift in tone after asking such targeted questions hints at a discriminatory motive and confirms that a decisionmaker at ACOM recognized that Qureshi belonged to a protected class.

And chiefly, Qureshi offers two comparators, each of whom allegedly faced accusations of illicit drug use like those that plagued Qureshi, neither of whom shared Qureshi's national origin, and neither of whom ACOM dismissed. At the 12(b)(6) stage, this disparate impact allegation is enough to demonstrate discriminatory intent. *See, e.g.*, *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 595 (S.D.N.Y. 2011) (minority student stated a claim for intentional discrimination under Title VI by alleging school officials reacted differently to white and minority participants in incidents, including failing to punish minority students who harassed student plaintiff).

7

But herein lies the core of ACOM's principal challenge to the Amended Complaint. ACOM's motion asserts that the comparator evidence set forth in paragraph 19 is patently false[1] and that neither of the identified comparators faced any discipline for illicit drug use and/or possession. To support this, ACOM affixes the declaration of Philip Reynolds to its motion, in which Reynolds states that neither of the students "has ever been disciplined (or even faced discipline) by ACOM for 'possession and/or use of illicit drugs,' or for any other similar misconduct . . . ."[2] (Doc. 25-1 at 3.) As ACOM continues to argue, because it has demonstrated that the comparator allegations are false, the Court should refuse to accept them as true and should dismiss the Amended Complaint in its entirety.

---

[1] In its motion to dismiss, ACOM chastises Qureshi for identifying two students at ACOM as alleged comparators.  But Qureshi raised these allegations only after ACOM previously chastised Qureshi for not specifically alleging comparators in his original complaint. ACOM cannot now complain about an allegation that it invited in its original motion. (*See* Doc. 11 at 7-8.) Nevertheless, due to the sensitivity of the issue, the Court will issue a separate order requiring Qureshi to submit a version of the Amended Complaint with the names of the two comparators redacted.

[2] When ruling at the motion to dismiss stage, the district court generally can only consider material outside of the complaint if it is "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (citation omitted). Otherwise, "[t]he district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Id*. "[T]he court enjoys near-absolute discretion to take such a procedural detour." *Jumbo*, 229 F. Supp. 3d at 1271. Because "the current body of evidence is not sufficient to support a ruling on a motion for summary judgment," *Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010), the Court refuses to consider materials beyond the complaint at this stage; thus, it will not construe ACOM's motion to dismiss as a motion for summary judgment.  *See id.* ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."). However, ACOM is not precluded from filing a summary judgment motion in the future.

In essence, ACOM is asking this Court to ignore the well-established command for district courts to take the plaintiff's allegations as true, and instead requests that it weigh Reynolds's conflicting declaration testimony when ruling on its motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court should operate "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations").

But this Court will adhere to well-settled Eleventh Circuit precedent, *see Castro,* 472 F.3d at 1336, and accordingly will assume the veracity of the allegations set forth in the Amended Complaint. The parties are free to litigate the merits of these allegations as discovery commences, and later by filing motions for summary judgment. But for now, ACOM's motion to dismiss is due to be denied.

## VI.   CONCLUSION

Based on the foregoing, the Motion to Dismiss (Doc. 25) filed by Defendant Alabama College of Osteopathic Medicine, Inc., is due to be and is hereby DENIED.

DONE, on this the 9th day of June, 2021.

　　　　　　　　　/s/ R. Austin Huffaker, Jr.　
　　　　　　　　R. AUSTIN HUFFAKER, JR.
　　　　　　　　UNITED STATES DISTRICT JUDGE